IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FLAMBEAU, INC.,

                              Plaintiff,                          OPINION and ORDER

      v.
                                                                    19-cv-359-jdp

GDL BROKERAGE, INC.,

                              Defendant.

Plaintiff Flambeau, Inc. brings breach-of-contract and tort claims against its former business partner, defendant GDL Brokerage, Inc., based on GDL's alleged failure to return Flambeau's security deposit and transport a shipment of Flambeau products. Flambeau has moved for default judgment based on GDL's failure to timely answer the complaint and its alleged failure to comply with an order on Flambeau's motion to compel discovery. *See* Dkt. 52 and Dkt. 58.

The court will deny the motion. GDL's litigation misconduct warrants sanctions, but default judgment would be unduly harsh. The court will grant GDL leave to file an untimely answer, order GDL to produce any outstanding discovery or face contempt, impose a monetary sanction, and extend Flambeau's deadline to move for summary judgment. The pretrial deadlines and trial date are struck, to be reset later on.

BACKGROUND

GDL actively litigated this case at the beginning, filing a motion to dismiss or transfer this case. Dkt. 38. But when the court denied that motion, GDL missed its deadline to file an answer. Over six weeks later, in February 2020, Flambeau notified GDL of its default and

inquired whether GDL intended to file an answer. Dkt. 53, ¶¶ 3–5. GDL didn't respond to Flambeau's inquiry. So on March 5, Flambeau moved for entry of default. Dkt. 52.

GDL didn't respond to the motion for almost three weeks, and only after the clerk of court took the unusual step of issuing a briefing schedule on the motion. GDL attributed its failure to answer Flambeau's complaint to "a docketing error and transition of counsel" that caused counsel to "erroneously believe[] that an answer and affirmative defenses had already been filed." Dkt. 57, ¶ 4. Even then, GDL did not include a proposed answer with its brief. Instead, it asked for a 30-day extension "in which to consult with its client and finalize its answer and affirmative defenses for filing." *Id.* ¶ 12.

Flambeau responded by asking the court to treat its filings as a motion for default judgment under Federal Rule of Civil Procedure 55(b). Flambeau relied not only on GDL's failure to file an answer but also on GDL's failure to comply with a prior court order granting Flambeau's motion to compel discovery. Dkt. 58. In an April 1 order, the court concluded that Flambeau had established GDL's default under Rule 55(a) and construed GDL's belated request for an extension of time to file its answer as a motion to set that default aside under Rule 55(c). Dkt. 61. It ordered GDL to show cause why the court shouldn't grant default judgment to Flambeau as a sanction for GDL's litigation misconduct.

ANALYSIS

GDL contends that entering a default judgment isn't appropriate for two reasons. First, it contends that there has been no default, but if the court does construe its failure to answer as a default, then there is good cause for setting that default aside. Second, GDL contends that

a default judgment would be inappropriate because Flambeau has conducted itself equally poorly in discovery and hasn't been prejudiced by GDL's alleged discovery misconduct.

## A. Default under Rule 55(a)

Rule 55(a) provides that the clerk of court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Flambeau contends that GDL defaulted when it failed to file an answer by the December 31, 2019 deadline. GDL contends that its failure to file an answer doesn't meet the Rule 55(a) standard because it "otherwise defended" the case by filing a motion to dismiss, engaging in discovery, and appearing before the court for a hearing on Flambeau's motion to compel.

GDL is correct that filing a motion to dismiss qualifies as "otherwise defending" for purposes of Rule 55(a). *See* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2682 (4th ed. 2019) ("The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading.'"). But the question is not whether GDL defaulted when Flambeau first filed the complaint; it's whether GDL defaulted later on, when it failed to file an answer after its motion to dismiss was denied.

Authorities are split on this issue. Some courts in this circuit enter default when a defendant fails to answer after the denial of a motion to dismiss, even when that defendant has remained engaged in the case. *See, e.g., J & J Sports Prods., Inc. v. Kotsopoulos*, No. 1:13-CV-346-SLC, 2015 WL 5730343, at *2 (N.D. Ind. Sept. 30, 2015); *Haertle v. Brennan Inv. Grp., LLC*, No. 14-cv-1347, 2015 WL 12964670, at *1 (E.D. Wis. June 5, 2015); *U.S. Bank Nat'l Ass'n v. Silver*, No. 11-cv-6332, 2013 WL 6353727, at *2 (N.D. Ill. Dec. 4, 2013); *McCarthy v. Fuller*, No. 1:08-CV-994WTLDML, 2009 WL 3617740, at *2 (S.D. Ind. Oct. 29, 2009). Other courts

have taken a more flexible view of the meaning of "otherwise defend," denying entry of default so long as the defendant has demonstrated by its conduct an intent to defend the case. *See Cannon v. Washington*, 321 F. App'x 501, 502–03 (7th Cir. 2009) (unpub.); *Peters v. Astrazeneca, LP*, No. 05-C-649-C, 2006 WL 1279058, at *1 (W.D. Wis. Apr. 24, 2006), *aff'd*, 224 F. App'x 503 (7th Cir. 2007). The Seventh Circuit has yet to address the issue in a precedential opinion.

The court need not resolve this question here. Even assuming that GDL defaulted under Rule 55(a) by failing to answer, the court would set aside the entry of default, grant GDL leave to file an untimely answer, and deny Flambeau's motion for default judgment. GDL's conduct in this case is sanctionable, but, as explained below, default judgment would be too harsh a sanction given GDL's intermittent efforts to defend. So the court will give GDL a final opportunity to litigate this case on the merits.

## B. Sanctions

Flambeau contends that default judgment is appropriate in this case for two reasons. First, it says that GDL failed to comply with court orders regarding discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) and 37(d)(3) (permitting default judgment as a sanction for violation of discovery orders). Second it says that GDL "has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court." *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). The court concludes that GDL has failed to comply with a discovery order and has not acted diligently in litigating this case, so a sanction is warranted. But it also concludes that this isn't one of the rare instances in which the maximum penalty of default judgment is appropriate.

### 1.  Failure to comply with Magistrate Judge Crocker's discovery order

Flambeau contends that GDL has failed to comply with Magistrate Judge Crocker's February 5, 2020 order granting its motion to compel discovery and requiring GDL to "provide all of the requested discovery without objection." Dkt. 44. This is based on Flambeau's October 18, 2019 discovery requests, which were due on December 2 by stipulation of the parties. Dkt. 41, at 1, 3. GDL failed to comply with that deadline without seeking an extension from Flambeau or the court, prompting Flambeau's motion to compel. The day before the hearing on that motion, GDL produced 33 pages of documents, which Flambeau described as "substantially non-responsive" and lacking "any of the material Flambeau would expect to see after waiting three months for GDL's production." Dkt. 43, at 3. Magistrate Judge Crocker granted Flambeau's motion to compel and ordered GDL to provide all the requested discovery without objection by February 14, 2020. Dkt. 44. On February 14, GDL produced seven additional pages, which Flambeau again deemed "largely unresponsive" to its request. Dkt. 58, at 6.

Flambeau suspects that GDL is withholding responsive documents. Flambeau notes, for example, that GDL has "substantially failed to provide any of the requested documents or communications dated from February 2015 to the present—the time period at issue in this case." *Id.* at 7. Although GDL has "produced a number of communications with Flambeau dated before February 2015," GDL has told Flambeau that "it does not have any communications past this date—including internal GDL communications. Despite Flambeau's many attempts, GDL has failed to explain why these documents are missing, provide any document retention policies, or explain why it keeps documents more than five years old but cannot produce recent documents." *Id.* at 7–8. Flambeau contends that as a result of GDL's

discovery abuse, it was unable to move for summary judgment, and the deadline for doing so has now passed.

GDL makes no attempt to refute Flambeau's characterization of its discovery responses, nor does it assert that it has complied with Judge Crocker's order compelling it to produce "all requested discovery without objection." Instead, GDL points a finger back at Flambeau, asserting that Flambeau's written discovery responses "contain only seventy-two pages of documents," from which "the array of communication between the parties that [Flambeau] alleges GDL has failed to produce" are "[o]ddly missing." Dkt. 62, at 10, 11. GDL's allegations are beside the point. It was Flambeau, not GDL, that sought and obtained an order from this court compelling discovery. Flambeau points to circumstantial evidence that suggests that GDL's discovery responses are deficient; GDL makes no effort to refute that evidence.

### 2. Willful failure to litigate diligently

Flambeau also contends that GDL has exhibited a "willful refusal to litigate the case properly," Dkt. 58, at 5 (quoting *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003)), as demonstrated by its inexplicable delay in attempting to rectify its failure to answer. GDL says that it missed the answer deadline because of an inadvertent error by counsel. But GDL concedes that it learned of its error on February 12, 2020. *See* Dkt. 62-2, ¶ 6. For reasons that GDL has yet to explain, it then waited nearly six weeks—until after Flambeau moved for entry of default and the court took the unusual step of setting a briefing schedule for the motion—to make any response, Dkt. 57, and another three weeks to file a proposed answer, Dkt. 62-1. Counsel for GDL say that they needed time to consult with their client, but that doesn't explain why GDL didn't immediately seek an extension of time from the court upon learning of its mistake on February 12.

### 3. Appropriate sanction

GDL's conduct falls far below the standards of diligence expected by the court and prescribed by the Federal Rules. There is no question that some sanction is warranted. Flambeau asks the court to enter a default judgment. But default judgment is the harshest available sanction, to be used "only in extreme situations, or when other less drastic sanctions have proven unavailing. Although a district court has the default judgment readily available within its arsenal of sanctions, it is a weapon of last resort, appropriate only when a party willfully disregards the pending litigation." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (internal citations and quotation marks omitted). GDL's litigation of this case has been deficient, but the court cannot say that it has willfully disregarded the litigation in the sense that would warrant a default judgment. *See, e.g., id.* at 809 (even though defendant violated multiple court orders regarding discovery and waited months before moving to vacate entry of default, court held that the case did "not represent one of those rare situations in which entry of default is appropriate"). The Seventh Circuit has a long-established policy favoring trial on the merits over default judgment, *see C.K.S. Eng'rs*, 726 F.2d at 1205 (collecting cases), and a lesser sanction may be adequate to redress the prejudice to Flambeau.

The court will deny Flambeau's request for a default judgment. Instead, it will impose a monetary sanction: GDL must cover the fees and expenses Flambeau incurred in bringing its default motion. The parties are encouraged to reach agreement on the amount. But if agreement is unattainable, Flambeau should submit its itemized list of fees and expenses by the deadline set out below. GDL will then have an opportunity to contest the reasonableness of the amount requested.

The court will also take measures to restore Flambeau to the position it would have been in absent GDL's discovery misconduct. The court will strike the pretrial deadlines and trial date, and it will extend the summary judgment deadline for Flambeau only. By the deadline set out below, GDL must produce any outstanding discovery in accordance with Magistrate Judge Crocker's order on Flambeau's motion to compel. Because the document production deficiencies appear to be wide-ranging, GDL will need to supplement its response to every one of Flambeau's requests for production. For each request for production, GDL must: (1) produce any outstanding unproduced documents or certify in writing that there are no additional responsive documents in its custody or control; and (2) describe in writing what specific actions it took to locate documents responsive to each of Flambeau's discovery requests (i.e., which physical or electronic databases were searched and how; which search terms or filtering criteria were used; what if anything those searches revealed; which of the resulting documents GDL produced; and, if GDL withheld any of the resulting documents, an explanation why). If, after reviewing GDL's supplement, Flambeau has reason to believe that GDL is still withholding responsive documents, it may move for sanctions and the court will hold a contempt hearing.

Once GDL has supplemented its discovery responses, the court will set a scheduling conference at which Flambeau may indicate whether it wishes to move for summary judgment or proceed directly to trial. Judge Crocker will reset the schedule accordingly. Further misconduct by GDL will result in a default judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Flambeau, Inc.'s motion for entry of default and for default judgment, Dkt. 52 and Dkt. 58, are DENIED. The court's finding of default, Dkt. 61, is VACATED.

2. Defendant GDL Brokerage, Inc.'s motion to file an untimely answer, Dkt. 62, is GRANTED. GDL should promptly file its answer as a separate docket entry.

3. If the parties are unable to agree on the amount, by July 2, 2020, Flambeau may submit its itemized list of fees and expenses incurred in bringing its default motion. GDL may respond to this request by July 9, 2020.

4. By July 2, 2020, GDL must supplement its discovery responses in accordance with Magistrate Judge Crocker's February 5, 2020 order and the instructions set out above.

5. The remaining pretrial deadlines and trial date are STRUCK. The clerk of court is directed to set a telephone scheduling conference before Magistrate Judge Stephen Crocker, to be held after Flambeau has had an opportunity to review GDL's supplemental production.

Entered June 17, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge