IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FLAMBEAU, INC.,

                        Plaintiff,

v.                                                    ORDER

GDL BROKERAGE, INC.,                          19-cv-359-jdp

                        Defendant.

---

Plaintiff Flambeau, Inc. brings claims against its former business partner, defendant GDL Brokerage, Inc., based on GDL's alleged failure to return Flambeau's security deposit and transport a shipment of Flambeau products. GDL failed to timely answer the complaint or comply with the court's order compelling it to produce discovery, prompting Flambeau to move for default judgment. The court denied the motion for default in favor of a less severe monetary sanction. It ordered GDL to cover the fees and expenses Flambeau incurred in bringing its default motion. Dkt. 67. The parties were unable to come to an agreement about fee-shifting on their own, so Flambeau submitted an itemized list of fees and expenses totaling $9,249.00 for 26.2 hours of work. Dkt. 74. GDL filed objections to that request, arguing that Flambeau's fee request seeks to recover for work unrelated to the default motion, includes duplicative entries, and is generally excessive. Dkt. 78. The court concludes that Flambeau's fees are generally reasonable, but that some reductions are in order.

"[T]he starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317–18 (7th Cir. 2003). Here, Flambeau submits an itemized list of fees indicating that two attorneys and two paralegals spent a

combined 26.2 hours doing work associated with the default motion, billing at rates of $550, $320, $260, and $245, respectively. GDL doesn't challenge the reasonableness of these hourly rates. Instead, it focuses its objections on the amount of time billed.

**A. Work unrelated to the default motion**

GDL contends that the itemization includes time expended on tasks unrelated to the motion for default. On March 5, 2020, an attorney and a paralegal spent a combined 2.8 hours preparing and filing (1) the motion for default; (2) a motion to extend the summary judgment deadline; and (3) a stipulation regarding the summary judgment briefing schedule. On March 24, two attorneys billed a combined 1.9 hours (1) reviewing and conferring about GDL's opposition to Flambeau's motion for default; and (2) reviewing and conferring about correspondence from GDL concerning alleged deficiencies in Flambeau's discovery responses. On April 6, one of those same attorneys billed .5 hours drafting an email to GDL regarding the status of (1) the default motion; and (2) alleged deficiencies in Flambeau's discovery responses.

GDL argues that time billed for scheduling or discovery-related issues raised by GDL are not implicated in Flambeau's motion for default should be excluded. The court agrees that time spent on these tasks isn't subject to fee-shifting. Flambeau used block billing on these entries rather than following this court's procedures requiring that fees itemizations contain "separate entries for the hours spent on specific tasks." Dkt. 19 Preliminary Pretrial Packet, at 39. The court can't determine what proportion of these entries should be shifted. So it will cut the March 5 and March 24 billing entries by half. It will not subtract the .5-hour entry from April 6, because it would be unreasonable to expect attorneys to partition billing entries for time spent drafting a single, multi-topic email.

2

## B. Duplicative entries

GDL next points to two portions of Flambeau's billing records that it says are duplicative. First, it notes that on March 24, 2020, Flambeau's two attorneys both spent time reviewing the same set of materials from GDL. But it isn't unreasonable for two attorneys to jointly work on a case. That often requires both attorneys to read the same materials. GDL notes that one attorney billed 1.4 hours, whereas the other only billed .5. But that's also not surprising. The attorney who billed 1.4 hours was an associate who took the laboring oar on the default-related briefing, whereas the attorney who billed .5 hours was the partner overseeing the associate's work. Given this division of labor, it makes sense that the associate spent more time reviewing GDL's materials than the partner did.

Second, GDL says that the associate attorney submitted two time entries that are duplicative of one another. On March 30, 2020, he spent six and a half hours researching and preparing a motion for contempt sanctions; then on March 31, he spent another six hours converting the contempt motion into a draft reply brief. Dkt. 75-1, at 3. GDL says that it shouldn't have taken him so long to convert a contempt motion into a reply brief. But a review of the associate's billing entry from March 31 demonstrates that he did more than just convert the motion; he conducted additional research, revised and edited the brief, and conferred with his colleague. The reply brief doubled as a motion for default judgment, and it was thoroughly researched. *See* Dkt. 58. The court isn't persuaded that this time was duplicative or excessive.

## C. Excessive time

GDL challenges two additional of Flambeau's time entries as unreasonably excessive. On March 20, the associate had a telephone conference with GDL's counsel, after which he "outline[d] facts and legal support for [Flambeau's] motion" and conferred about next steps.

Dkt. 75-1, at 2. GDL says that this was excessive because by then the motion for entry of default, Dkt. 52, had already been filed so there was no motion to work on. Presumably the associate was anticipating filing his next motion—the motion for contempt sanctions that he converted into a combined reply brief and default judgment motion. But the court agrees that the billing entry is not sufficiently specific for the court to determine what exactly the associate was working on and whether the time expenditure was reasonable. The court will reduce that billing entry from 3.9 hours to two hours.

GDL also objects to a March 31 billing entry for the two hours a paralegal spent "attaching exhibits to what would become Plaintiff's Reply/Motion for Default Judgment." Dkt. 78, at 4. But the billing entry shows that the paralegal also reviewed the draft motion, prepared additional exhibits, and revised a declaration. *See* Dkt. 75-1, at 3. Two hours isn't an excessive amount of time to have spent on these tasks.

Less these reductions, Flambeau's fee request comes to a total of $7,619.25. The court will award fees in that amount.

ORDER

IT IS ORDERED that no later than August 28, 2020, defendant shall pay to plaintiff $7,619.25 in attorney fees pursuant to the court's June 17, 2020 sanctions order.

Entered July 31, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge